UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HARTFORD ACCIDENT AND INDEMNITY COMPANY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GREATER LAKES AMBULATORY SURGICAL CENTER LLC,<br><br>Defendant. | Case No. 18-cv-13579<br>Honorable Gershwin A. Drain<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 22)**

## I. Introduction

Plaintiffs Hartford Accident and Indemnity Company, Property & Casualty Ins. Company of Hartford, Trumbull Insurance Company, and Twin City Fire Insurance Company (together, "Hartford") claim that Defendant Greater Lakes Ambulatory Surgical Center LLC submitted fraudulent claims for no-fault benefits for treatment of individuals who were

in auto accidents. ECF No. 1, PageID.2. Hartford asserts claims of fraud, silent fraud, and unjust enrichment. *Id.* at PageID.9-12.

Greater Lakes moves for leave to file a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that Hartford's tort claims must be dismissed because the parties' relationship is governed by contract. ECF No. 22. The Honorable Gershwin A. Drain referred the motion to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A). ECF No. 33. The Court **DENIES** Greater Lakes' motion for leave.

## II.    Analysis

### A.

The scheduling order, entered in July 2019, set a dispositive motion deadline of March 20, 2020. ECF No. 12. Hartford moved for summary judgment the day before that deadline, and a hearing on that motion was scheduled for September 24, 2020. ECF No. 14. But a week before the hearing—six months after the dispositive motion deadline—Greater Lakes moved for leave to file a motion for judgment on the pleadings. ECF No. 22.

The Court may modify the schedule to allow Greater Lakes to file a dispositive motion only for good cause. Fed. R. Civ. P. 16(b)(4). Although

2

district courts enjoy wide discretion under Rule 16(b)(4), leave to amend a schedule should be denied when evidence of diligence is lacking. *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020) (finding that district court should not have granted plaintiffs leave to file amended complaint well after deadline when plaintiffs failed to show diligence).

When a party moves to file a motion after a scheduling order deadline, the Court must also apply Federal Rule of Civil Procedure 6(b). *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240-42 (E.D. Ky. 2018). Under Rule 6(b), when a motion for extension is made after the relevant deadline, the moving party must show excusable neglect. *Id.* To decide whether a party's tardiness is due to "excusable neglect," courts weigh these equitable factors: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Century Indem.,* 323 F.R.D. at 241-42. This "Circuit has cautioned that excusable neglect is a strict standard which is met only in extraordinary cases." *Argue v. Burnett*, No. 1:08-CV-186, 2010 WL 1417633, at *2 (W.D. Mich. Apr. 1, 2010) (internal quotation marks and citations omitted). The reason for delay is the most critical factor, and mere

error or inadvertence is usually insufficient. *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 453 (E.D. Mich. 2017).

Greater Lakes shows neither that it could not have filed its dispositive motion despite its diligence nor that the delay was because of excusable neglect. Instead, it alleges that it retained new counsel in September 2020 who concluded that Hartford failed to state a claim. ECF No. 22, PageID.264. Attorney Shereef Akeel did first appear here in September 2020. ECF No. 20; ECF No. 21. But attorney Lukasz Wietrzynski represented Greater Lakes from the beginning of this litigation until October 2021.[1] ECF No. 20; ECF No. 21; ECF No. 3.

Wietrzynski either made an intentional decision not file a dispositive motion by the deadline or he made an error in failing to do so. Either way, Wietrzynski's failure to timely file a dispositive motion does not provide Greater Lakes with good cause or excusable neglect. *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 843 (6th Cir. 2020) (finding no good cause to extend period for amending complaint to add new claims when plaintiffs expressly chose not to bring those claims earlier); *Kassim* 320 F.R.D. at 453 (noting that attorney error or inadvertence did not support excusable neglect); *Pandora Distribution, LLC v. Ottawa OH, LLC*, No.

---

[1] Wietrzynski was disbarred effective October 2021.

4

3:12-CV-2858, 2018 WL 6504114, at *1 (N.D. Ohio Dec. 11, 2018) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962)) (finding that party's displeasure with prior counsel did not support motion for relief from the scheduling deadlines).

Greater Lakes contends that denying its motion for leave would cause a manifest injustice, but it cites no precedent showing that its failure to timely move to dismiss can be excused because of alleged manifest injustice.  And the Court rejects Greater Lakes manifest injustice argument because its proposed motion for judgment on the pleadings lacks merit.

**B.**

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards applicable to a motion to dismiss under Rule 12(b)(6).  *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678.

Greater Lakes contends that Hartford's tort claims must be dismissed because the parties' relationship is governed by the no-fault policies. ECF No. 22, PageID.278. Greater Lakes maintains that those policies required it to provide proof of loss before Hartford became obligated to pay the insurance claims. *Id.* at PageID.281. Thus, Greater Lakes argues that the allegation that it submitted fraudulent proof of loss relates to its performance under the policies and "sound[s] in contract" rather than tort law. *Id.* at PageID.281-282.

Under Michigan law, nonperformance of a contractual obligation gives rise to a breach of contract claim but generally not to tort liability. *DBI Investment, LLC v. Blavin*, 617 F. App'x 374, 381 (6th Cir. 2015). An exception to this "contract-only" rule is that tort liability may exist if the complaint alleges breach of a legal duty separate and distinct from a defendant's contractual obligations. *Id.* (citing *Loweke v. Ann Arbor Ceiling & Partition Co., LLC*, 489 Mich. 157, 168 (2011)). For example, claims of fraud in the inducement and "fraud 'extraneous to the contract' are

6

permissible, whereas 'fraud interwoven with the breach of contract' cannot support an independent claim." *Id.* at 382 (quoting *Huron Tool & Eng'g Co. v. Precision Consulting Servs., Inc.*, 209 Mich. App. 365, 372-73 (1995)).

Here, the complaint does not allege the existence of a contract between Hartford and Greater Lakes. *See State Farm Mut. Auto. Ins. Co. v. Angelo*, No. 19-10669, 2020 WL 5939194, at *1-2 (E.D. Mich. Oct. 7, 2020) (rejecting argument that insurer and provider's relationship was governed by contract, as "the complaint [did] not allege the existence of contracts or contractual duties"). Although Greater Lakes argues that the no-fault policies govern this dispute, it was not a party to those policies. *See* ECF No. 1, PageID.3. The contract-only rule does not bar tort claims when no contract exists. *Randall S. Miller & Assocs., P.C. v. Pitney Bowes, Inc.*, No. 14-14447, 2016 WL 1242356, at *7 (E.D. Mich. Mar. 30, 2016).

Greater Lakes insists that the no-fault policies govern because healthcare providers can "step into the shoes" of insureds to obtain payment under the policies—meaning there is a contractual relationship between providers and insurers. ECF No. 1, PageID.279-280 (citing *Covenant Med. Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 500 Mich. 191 (2017)). *Covenant* held that a provider has no statutory right to directly sue

7

an insurer to recover no-fault benefits unless the insured assigns those rights to the provider.  500 Mich. at 206-07, 217 n.40.[2]  But Greater Lakes does not show that Hartford's complaint stems from an assignment of rights under an insurance contract or that such an assignment existed.

And even if there were a contract between Hartford and Greater Lakes, the Michigan Supreme Court has held that insureds may bring separate claims for fraud and recovery of no-fault benefits.  *Cooper v. Auto Club Ins. Ass'n*, 481 Mich. 399, 407 (2008).  In *Cooper*, the insurer argued that the insureds' fraud claim was subject to the one-year-back rule of Mich. Comp. Laws § 500.3145(1) applicable to no-fault claims.  *Id.* at 401.  The court found that the one-year-back rule did not apply because a fraud claim is distinct from a no-fault claim for an insurer's failure to pay benefits:

> Unlike a no-fault claim, a fraud claim does not arise from an insurer's mere omission to perform a contractual or statutory obligation, such as its failure to pay all the PIP benefits to which its insureds are entitled.  Rather, it arises from the insurer's breach of its separate and independent duty not to deceive the insureds, which duty is imposed by law as a function of the relationship of the parties.

---

[2] *Covenant* was superseded by an amendment to Michigan Compiled Laws § 500.3112, which now gives providers the right to file a direct claim against an insurer for reimbursement for services provided to an insured. *See* 2019 PA 21.  Because this amendment became effective in June 2019, it does not apply here.  *See Downs v. State Farm Mut. Auto. Ins. Co.*, No. 352522, 2021 WL 4395281, at *3 n.3 (Mich. Ct. App. Sept. 23, 2021).

*Id.* at 409. The court also rejected the theory that the no-fault act preempted the fraud claim. *Id.* at 410-11. The court acknowledged the contract-only rule, noting that "where, as here, the breach of separate and independent duties [is] alleged, [the insureds] should be allowed an opportunity to prove" their tort claims. *Id.* at 410. And since "misrepresenting material facts and deceiving their insureds" involved the breach of an independent duty, the court held that the fraud claim survived. *Id.* at 411.

In *State Farm Mut. Auto Ins. Co. v. Physiomatrix, Inc.*, the court applied *Cooper* in the context of an insurer's claims against a provider for submitting fraudulent claims. No. 12-11500, 2013 WL 509284, at *1 (E.D. Mich. Feb. 12, 2013). Relying on *Cooper*, the court rejected the defendant's argument that the fraud and unjust enrichment claims were superseded by the no-fault act, noting that no authority "suggest[s] that insurers are without any remedy for insurance fraud." *Id.* at *2. Thus, no-fault insurers may bring common-law fraud and unjust enrichment claims against healthcare providers.

Greater Lakes argues that *Cooper* only addressed whether the one-year-back rule applies to fraud claims but "'did not purport to address the possible interaction and co-existence of fraud and breach-of-contract

9

claims.'" ECF No. 24, PageID.648 (quoting *Randall*, 2016 WL 1242356, at *5). Similarly, Greater Lakes argues that *Cooper* and *Physiomatrix* addressed whether the no-fault act preempted the tort claims but not whether the plaintiffs could assert concurrent breach-of-contract and fraud claims. *Id.* Greater Lakes is wrong on both counts. As acknowledged in *Randall*, *Cooper* applied and "reaffirmed" the contract-only rule and found that the fraud claim involved a separate and independent duty not to deceive an insured. *See Randall*, 2016 WL 1242356, at *5. And since actions for payment of no-fault benefits are often asserted as breach-of-contract claims, *see, e.g.*, *Harris v. Citizens Ins. Co.*, 141 Mich. App. 110, 112 (1983), *Cooper* and *Physiomatrix* are relevant to Greater Lakes' contract-only argument.

### III. Conclusion

Greater Lakes shows neither good cause nor excusable neglect for its motion for leave to file a dispositive motion six months after the deadline, and its claim of manifest injustice lacks merit. The Court thus **DENIES** Greater Lakes' motion for leave to file a motion for judgment on the pleadings (ECF No. 22).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: May 26, 2022

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 26, 2022.

                                                  s/Marlena Williams
                                                  MARLENA WILLIAMS
                                                  Case Manager